UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELVI SAMUEL PEREZ PEREZ,

       Petitioner,

    v.                              Case No.:  2:26-cv-00730-SPC-NPM

KEVIN GUTHRIE *et al.*,

       Respondents,

                                        /

## OPINION AND ORDER

Before the Court are Melvi Samuel Perez Perez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), Perez Perez's reply (Doc. 9), Kevin Guthrie's motion to dismiss (Doc. 7), and Perez Perez's response (Doc. 8).  For the below reasons, the Court grants the petition and Guthrie's motion.

Perez Perez is a native and citizen of Guatemala who entered the United States in 2013 at the age of 12.  He has no criminal record other than citations for driving without a valid license, he has strong ties to the community, and he owns a business registered in Florida.  Local police arrested Perez Perez during a traffic stop and handed him over to Immigration and Customs Enforcement ("ICE") on February 4, 2026.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Perez Perez.  The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Perez Perez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing.  As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).  The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Perez Perez's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Perez Perez has a right

to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). [1]

The Court will thus order the respondents to either bring Perez Perez before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Perez Perez's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  But, to be clear, subjecting Perez Perez to mandatory detention under § 1225(b)(2) is unlawful.  If the respondents are unable to ensure Perez

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA.  The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive.  And a circuit split is likely.  In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Perez receives a bond hearing that complies with this Order within ten days, they must release him.

That leaves the motion to dismiss.  Guthrie—the Executive Director of Florida's Division of Emergency Management—argues he is not a proper habeas respondent because ICE and the federal government ultimately control who is detained at Alligator Alcatraz.  The Supreme Court has recognized, "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2244).  Courts have also recognized that immigration detainees in state-run facilities can bring habeas claims against certain federal officials.  *See, e.g., Masingene v. Martin*, 424 F. Supp. 3d 1298, 1301 (S.D. Fla. 2020).  Guthrie is not Perez Perez's immediate custodian, nor is he one of the federal officials that decides who will be detained in and released from the facility.  The Court will grant his motion to dismiss.

Accordingly, it is hereby

**ORDERED**:

(1)    Melvi Samuel Perez Perez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(2)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Perez Perez for an individualized bond hearing before an

immigration judge or (2) release Perez Perez under reasonable conditions of supervision.  If the respondents release Perez Perez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(3)    Guthrie's motion to dismiss (Doc. 7) is **GRANTED**.

(4)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 31, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record